Ronald D. Roup, Esq. (SBN 94495) ron@rouplaw.com
Brad M. Simon, Esq. (SBN 244369) brad@rouplaw.com
Kerre Baker Albertoli (SBN 159683)
**ROUP & ASSOCIATES, A LAW CORPORATION**
23101 Lake Center Drive, Suite 310
Lake Forest, California 92630
(949) 472-2377; (949) 472-2317

Attorneys for Defendant,
Litton Loan Servicing, LP

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA, DIVISION 5

| | |
|---|---|
| In re:<br><br>MICHAEL R. COQUILLA and CHRISTINA M. COQUILLA,<br><br>Debtors. | **Case No. 09-50561-ASW**<br>**Adv. No. 09-05199**<br>**Chapter 13** |
| MICHAEL R. COQUILLA and CHRISTINA M. COQUILLA,<br><br>Plaintiffs,<br><br>vs.<br><br>PLAZA HOME MORTGAGE, INC. and LITTON LOAN SERVICING. LLP<br><br>Defendants. | **DEFENDANT'S MOTION TO STRIKE COMPLAINT [F.R.B.P. 7012; F.R.C.P. 12(f)]; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>*[Filed concurrently with Defendant's Notice of Motion to Strike, Notice of Motion to Dismiss, Motion to Dismiss and Request for Judicial Notice]*<br><br>Hearing<br>Date: October 5, 2009<br>Time: 2:00 p.m..<br>Ctrm: Ctrm 3020<br>Judge: Hon. Arthur S. Weissbrodt<br><br>*Adv. Complaint Filed: August 4, 2009* |

\\\

1

Pursuant to *Federal Rule of Bankuptcy Procedure 7012 and Federal Rule of Civil Procedure 12(f)*, Defendant LITTON LOAN SERVICING LP ("Litton" or "Defendant") *(Erroneously sued as Litton Loan Servicing LLP)* submits the following memorandum of points and authorities in support of its motion to strike portions of the Complaint.

## MEMORANDUM OF POINTS AND AUTHORITIES

In their Complaint, Plaintiffs MICHAEL R. COQUILA and CHRISTINA M. COQUILLA ("Plaintiffs") have failed to make the requisite showing of any "wrongful acts" on the part of this Defendant in order to be entitled to punitive damages. Plaintiffs' conclusory allegations of this Defendant's failure to provide the appropriate disclosures at the time of loan origination are not sufficient to support claims for punitive damages.

### I. THIS DEFENDANT'S MOTION TO STRIKE IS THE PROPER WAY TO REMOVE PLAINTIFFS' PRAYER FOR PUNITIVE DAMAGES.

A Motion to Strike is the appropriate motion to strike from a pleading any redundant, immaterial, impertinent or scandalous matter. Fed. R. Civ. Proc. 12(f). A Motion to Strike may be used to strike the prayer for relief where the damages sought are not recoverable as a matter of law. Tapley v. Lockwood Green Engineers, Inc. 502 F.2d 559 (8th Cir. 1974). In the instant case, Plaintiffs make no showing to support a prayer for punitive damages, and, as set forth herein, fails to support general and conclusory allegations of any improper conduct by this Defendant. Therefore, this Motion to Strike is proper.

### II. PLAINTIFFS COMPLAINT CONTAINS NO ALLEGATIONS OF FACT TO SUPPORT PUNITIVE DAMAGES FOR IMPROPER CONDUCT AGAINST THIS DEFENDANT, AND AS A RESULT, THE REQUEST FOR PUNITIVES MUST BE STRICKEN.

Plaintiff improperly seeks punitive damages, and the Court must strike the following paragraphs containing improper, unsupported and conclusory allegations of these Defendants' conduct:

¶ 27: "As a result of the aforesaid violations of the Act and Regulation Z, pursuant to 15 U.S.C. sections 1635(a), 1640(a), and 1641(c) Defendant is liable to Plaintiffs for:....(d) Statutory damages of $2000 for Defendant's failure to respond properly to Plaintiffs' rescission notice (e) Forfeiture of return of loan proceeds (f) Actual damages in an amount to be determined at trial (g) A reasonable attorney."

PRAYER:

¶E  "Award the Plaintiff's statutory damages for Defendant's failure to respond properly to the Plaintiff's rescission notice, in the amount of twice the finance charge in connection with this transaction, but not less than $200 or more than $2000 as provided under 15 U.S.C. section 1640(a)"

¶G  "Award actual damages in an amount to be established at trial"

¶H  "Award that Plaintiffs costs and reasonable attorney fee as provided under 15 U.S.C. section 1640(a)"

## III. PLAINTIFFS' REQUEST FOR DAMGES PURSUANT TO TILA ARE BARRED BY THE APPLICABLE STATUTE OF LIMITATIONS.

Plaintiff's request for <u>damages</u> under TILA are barred because it was not brought within the one year statute of limitations.

Plaintiff alleges that all defendants (including LITTON) are in violation and liable under the Federal Truth in Lending Act ("TILA") for Plaza Home Mortgage's alleged failure to deliver completed Notices of Right to Cancel back in September of 2006. **The law is quite clear, however, in that these causes of action are <u>barred</u> by the applicable statute of limitations.**

When presented with this very issue at an application for a temporary restraining order stemming from violations of TILA, a District Court in California <u>denied</u> the plaintiff's request because the claims were not brought within the one year statute of limitations mandated by TILA. <u>Wherry v. All Cal. Funding</u>, 2006 U.S. Dist. LEXIS 53431 (D. Cal. 2006).

The <u>Wherry</u> Court stated that "even if the Court were to conclude that the HOEPA

3

**DEFENDANT'S MOTION TO STRIKE COMPLAINT**
Case: 09-05199   Doc# 11   Filed: 09/04/09   Entered: 09/04/09 11:56:26   Page 3 of 5

and TILA apply to the loan Plaintiff obtained from Defendants, from the face of Plaintiff's complaint, it appears that Plaintiff's action for damages for violations of the HOEPA and TILA is <u>barred by the statute of limitations</u>. An action for damages under TILA <u>must be brought within one year of the violation</u>. See 15 U.S.C. § 1640(e); 12 C.F.R. § 226.23; <u>In re Cmty. Bank of N. Va.</u>, 418 F.3d 277, 305 (3d Cir. 2005); <u>McMaster v. CIT Group/Consumer Finance, Inc.</u>, 2006 U.S. Dist. LEXIS 28831, 2006 WL 1314379, at *4 (E.D. Pa. May 11, 2006)." Emphasis added.

The one year period of limitations begins to run at the time a borrower signs the loan documents. <u>Meyer v. Ameriquest Mortg. Co.</u> (2003 CA9 Cal.) 331 F3d 1028. The <u>Wherry</u> Court concluded that since that plaintiff alleged that she signed the loan documents on March 22, 2005, the action filed on July 18, 2006 was barred by the statute of limitations and denied the TRO. <u>Wherry</u> at 4. Similarly, recent cases have found that, where there are allegations of TILA violations based upon failure to disclose, nothing prevents the borrowers from comparing their loan documents to the statutory and regulatory requirements; therefore, absent rare circumstances where the limitations period may be tolled, ( evidence that the lender concealed its breach), then there is no basis to extend the limitation period beyond one year following execution of the loan documents. <u>Carlos v. Ocwen Loan Servicing, LLC</u>, 2009 WL 129587 *5 (E.D.Cal.)(E.D. Cal., 2009); *See also* <u>Nera v. American Home Mortgage Servicing</u>, 2009 WL 2423109 *3 (N.D. Cal.)(N.D. Cal., 2009).

Therefore, Plaintiff's cause of action for <u>damages</u> under TILA is barred by the one-year statute of limitations.

Moreover, if multiple entities are accused of committing a wrongdoing for which the Complaint seeks statutory damages, *the complaint should make specific and separate allegations against each defendant.* <u>Pegasus Holdings v. Veterinary Ctrs. of Am., Inc.</u>, 38 F Supp2d 1158, 1163 (CD Cal 1998). Plaintiff's Complaint fails to satisfy the elements to support fraudulent conduct by this Defendant since the Complaint does not include any specific allegations as to Litton, the loan servicier, or who on behalf of this

4

**DEFENDANT'S MOTION TO STRIKE COMPLAINT**

Defendant acted improperly towards Plaintiffs with regard to their allegations of failure to disclose. Since no misconduct and no names are given, the inclusion of this language is immaterial, and this Defendant requests that this Court strike it from the Complaint.

## CONCLUSION

For each of the foregoing reasons, Defendant Litton Loan Servicing LP respectfully pray that this Court grant its motion to strike.

Dated: September 3, 2009

ROUP & ASSOCIATES,
A LAW CORPORATION

By: /s/ Ronald D. Roup
Ronald D. Roup, Esq.
Attorneys for Defendant,
Litton Loan Servicing, LP