MORAN LAW GROUP, INC.
CATHLEEN COOPER MORAN, I.D. #83758
RENÉE C. MENDOZA, I.D. #139939
1674 N. Shoreline Blvd. Suite 140
Mountain View, CA 94043
Tel.: (650) 694-4700  Fax: (650) 694-4818
Email: ccmoran@moranlaw.net

Attorney for Michael and Christina Coquilla

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA, DIVISION 5

In Re:                                            ) Chapter 13
                                                  )
MICHAEL R. AND CHRISTINA M.                       ) Bankruptcy No. 09-50561
COQUILLA,                                         )
                                                  )
            Debtors.                              )
_____                   )
                                                  )
MICHAEL R. AND CHRISTINA M.                       )
COQUILLA,              .                          ) Adversary No. 09-5199
                                                  )
            Plaintiff s,                          )
                                                  )
vs.                                               ) Date:  October 9, 2009
                                                  ) Time:  2:15 p.m.
PLAZA HOME MORTGAGE, INC.                         ) Place: 3020
AND LITTON LOAN                                   )
SERVICING, LLP                                    )
                                                  )
            Defendants.                           )
_____                   ) HON. ARTHUR S. WEISSBRODT

**PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS**

Plaintiffs respond as follows to the Motion to Dismiss filed on behalf of Litton Loan Servicing.

I. Litton first questions the authenticity of the blank notices of right to cancel the loan transaction in question attached to the complaint on the grounds that *signed notices* are found in Litton's files. The argument must fail since Truth in Lending is founded on providing *borrowers* with notice of the terms of the loan in question and their rights to

cancel a transaction within three days.  The required notice fails if the notice provided to the borrower to take away from the signing lacks the full set of information necessary to exercise the right to cancel.  The lender fails to meet the statute's requirements if it obtains the borrowers' acknowledgement of the right and retains the only completed copy of the notice.

II. Plaintiff need only allege **ability to tender** at the pleading stage.  In the context of a motion to dismiss, the court must assume the factual allegations of the complaint to be true.  Plaintiffs have alleged an ability to tender when Defendant has returned to them all the consideration received by Defendant in the transaction.  Of course, Defendant has not returned anything to Plaintiffs.

In *Palmer, 502 F.2d 860* (9th Cir. 1974), the 9th Cir. pointed out how Truth in Lending altered the common law precepts of rescission.  Truth in Lending statutes altered the sequence of events in a rescission under TILA.  Whereas in equity, a party rescinding must tender the consideration received as a *prerequisite* of rescission , under TILA only "*upon the performance of the creditor's obligations* under *[section 1635]*,' must the obligor tender the property to the creditor. *Palmer* at 861.

Judge Hufstedler goes on in *Palmer* to provide that a trial court that conditions the borrower's rights to recission  must consider "the equities present in a particular case, as well as consideration of the legislative policy of full disclosure that underlies the Truth in Lending Act..." *Palmer* at 862.   That policy clearly takes issues of ability to tender out of the realm of a 12(b)(6) motion.  The equities are not a proper subject for a motion to dismiss.

Given the range of ways in which tender can be accomplished, this court cannot find at the commencement of the case that Plaintiffs have no ability to tender.

III. Litton fails to establish that its role is confined to that of Servicer. While it may be that Litton has no interest in the loan in question, the record is devoid of evidence establishing that contention.  In the absence of proof, the contentions of the complaint must stand.

Plaintiff concedes that the claim for monetary damages is barred by the statute of limitation.

MORAN LAW GROUP

Date: _____        _____
                             CATHLEEN COOPER MORAN
                             Attorney for Plaintiffs