Gerald P. Kennedy (SBN 105887)
John D. Alessio (SBN 174900)
Procopio, Cory, Hargreaves & Savitch LLP
530 B Street, Suite 2100
San Diego, CA 92101
Telephone: 619.238.1900
Facsimile: 619.235.0398

Attorneys for Defendant;
PLAZA HOME MORTGAGE, INC.

# IN THE UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA, DIVISION 5

| | |
|---|---|
| In Re:<br><br>MICHAEL R. COQUILLA AND CHRISTINA M. COQUILLA<br><br>Debtors<br><br>MICHAEL R. COQUILLA AND CHRISTINA M. COQUILLA,<br><br>Plaintiffs<br><br>v.<br><br>PLAZA HOME MORTGAGE, INC., and LITTON LOAN SERVICING, LLP<br><br>Defendants. | Chapter 13<br><br>Bankruptcy Case No. 09-50561<br><br>Adversary Case No.: 09-05199<br><br>PLAZA HOME MORTGAGE, INC.'S ANSWER TO COMPLAINT<br><br>HON. ARTHUR S. WEISSBRODT |

Defendant PLAZA HOME MORTGAGE, INC. ("Plaza") answers and responds to the Complaint of Debtors, MICHAEL R. COQUILLA AND CHRISTINA M. COQUILLA, ("Debtor") in the above-captioned matter as follows:

## I.
## INTRODUCTION

1. In answer to Paragraph 1, Plaza neither admits nor denies the allegations in this paragraph as it is a summary of the Debtor's position in the Complaint.

## II.

## JURISDICTION AND VENUE

2. In answer to Paragraph 2, Plaza neither admits nor denies the allegation as it is a conclusion of law.

3. In answer to Paragraph 3, Plaza neither admits nor denies the allegation as it is a conclusion of law.

4. In answer to Paragraph 4, Plaza neither admits nor denies the allegation as it is a conclusion of law.

5. In answer to Paragraph 5, Plaza neither admits nor denies the allegation as it is a conclusion of law.

6. In answer to Paragraph 6, Plaza neither admits nor denies the allegation as it is a conclusion of law.

## III.

## THE PARTIES

7. In answer to Paragraph 7, Plaza lacks sufficient information and knowledge to admit or deny and on that basis denies the allegations.

8. In answer to Paragraph 8, Plaza admits it is a corporation qualified to do business in California. Plaza lacks the knowledge to admit or deny the rest of the allegations in Paragraph 8.

9. In answer to Paragraph 9, Plaza admits the allegations.

## IV.

## FACTUAL ALLEGATIONS

10. In answer to paragraph 10, Plaza admits that it was a "creditor" of the Debtor for a temporary and isolated period of time, but is no longer because it transferred the Debtor's loan.

11. In answer to Paragraph 11, Plaza lacks sufficient information and knowledge to admit or deny and on that basis denies the allegations.

115723/000016/1129293.01
Case: 09-05199   Doc# 26   Filed: 12/11/09   Entered: 12/11/09 09:57:59   Page 2 of 11

12. In answer to Paragraph 12, Plaza lacks sufficient information and knowledge to admit or deny and on that basis denies the allegations.

13. In answer to Paragraph 13, Plaza lacks sufficient information and knowledge to admit or deny and on that basis denies the allegations.

14. In answer to Paragraph 14, Plaza lacks sufficient information and knowledge to admit or deny and on that basis denies the allegations.

15. In answer to Paragraph 15, Plaza lacks sufficient information and knowledge to admit or deny and on that basis denies the allegations.

16. In answer to Paragraph 16, Plaza lacks sufficient information and knowledge to admit or deny and on that basis denies the allegations.

## FIRST CAUSE OF ACTION

### (Truth in Lending)

17. In answer to Paragraph 17, Plaza neither admits nor denies the allegation as it is a conclusion of law.

18. In answer to Paragraph 18, Plaza denies each allegation in its entirety.

19. In answer to Paragraph 19, Plaza neither admits nor denies the allegation as it is a conclusion of law.

20. In answer to Paragraph 20, Plaza neither admits nor denies the allegation as it is a conclusion of law.

21. In answer to Paragraph 21, Plaza lacks sufficient information and knowledge to admit or deny and on that basis denies the allegations.

22. In answer to Paragraph 22, Plaza lacks sufficient information and knowledge to admit or deny and on that basis denies the allegations.

23. In answer to Paragraph 23, Plaza neither admits nor denies the allegation as it is a conclusion of law.

24. In answer to paragraph 24, Plaza neither admits nor denies the allegation as it is a conclusion of law.

115723/000016/1129293.01
Case: 09-05199    Doc# 26    Filed: 12/11/09    Entered: 12/11/09 09:57:59    Page 3 of 11

25. In answer to Paragraph 25, Plaza lacks sufficient information and knowledge to admit or deny and on that basis denies the allegations.

26. In answer to Paragraph 26, Plaza denies each allegation in its entirety.

27. In answer to paragraph 27, Plaza denies each allegation in its entirety.

## SECOND CAUSE OF ACTION

### (Extent and Validity of Lien)

28. In answer to paragraph 28, Plaza incorporates its prior admissions and denials as if fully set forth.

29. In answer to paragraph 29, Plaza denies each allegation in its entirety.

30. In answer to paragraph 30, Plaza neither admits nor denies the allegation as it is a conclusion of law.

## THIRD CAUSE OF ACTION

### (Disallow of Proof of Claim)

31. In answer to paragraph 31, Plaza incorporates its prior admissions and denials as if fully set forth.

32. In answer to paragraph 32, Plaza neither admits nor denies the allegation as it is a conclusion of law.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

(Failure to State a Claim for Relief)

As and for a first affirmative defense to the Complaint on file herein and each cause of action therein, Plaza alleges that the Complaint fails to state a claim against these answering Defendants upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

(Contributory Negligence)

As and for a second affirmative defense to the Complaint on file herein and each cause of action therein, Plaza alleges that if Plaintiffs sustained any damages as a result of the transactions at issue herein, such damages were caused and contributed to by the

4
PLAZA HOME MORTGAGE, INC.'S ANSWER TO COMPLAINT

negligence of said Plaintiffs by failing to use reasonable care for protection of Plaintiff's' own interest and that such negligence constitutes a bar to Plaintiff's' recovery.

### THIRD AFFIRMATIVE DEFENSE

(Comparative Negligence)

As and for a third affirmative defense to the Complaint on file herein and each cause of action therein, Plaza alleges that at the time and place of the incidents alleged, Plaintiffs did not exercise ordinary care, caution or prudence to avoid such incidents, and the resulting damages, if any, sustained by Plaintiffs were proximately caused by Plaintiffs. Wherefore, Plaintiffs' recovery, if any, must be reduced by Plaintiffs' comparative fault.

### FOURTH AFFIRMATIVE DEFENSE

(Failure to Mitigate Damages)

As and for a fourth affirmative defense to the Complaint on file herein and each cause of action therein, Plaza alleges that Plaintiffs failed, neglected and refused to mitigate their alleged damages and therefore are barred from recovery or, alternatively, Plaintiffs' recovery must be reduced to the extent of its failure to mitigate. Plaza is informed and believes and thereon alleges that if Plaintiffs had undertaken to mitigate these damages, then Plaintiffs would have suffered no damages whatsoever.

### FIFTH AFFIRMATIVE DEFENSE

(Estoppel)

As and for a fifth affirmative defense to the Complaint on file herein and each cause of action therein, Plaza is informed and believes and thereon alleges that the Complaint herein, and each and every purported cause of action contained herein, is barred by reasons of acts, omissions, representations and courses of conduct by Plaintiffs upon which Plaza was led to rely to their detriment, thereby barring under the Doctrine of Equitable Estoppel any causes of action asserted by the Plaintiffs.

5
PLAZA HOME MORTGAGE, INC.'S ANSWER TO COMPLAINT

115723/000016/1129293.01
Case: 09-05199   Doc# 26   Filed: 12/11/09   Entered: 12/11/09 09:57:59   Page 5 of 11

## SIXTH AFFIRMATIVE DEFENSE

(Laches)

As and for a sixth affirmative defense to the Complaint on file herein and each cause of action therein, Plaza alleges that Plaintiffs' Complaint is barred by the equitable Doctrine of Laches.

## SEVENTH AFFIRMATIVE DEFENSE

(Waiver)

As and for a seventh affirmative defense to the Complaint on file herein and each cause of action therein, Plaza alleges that Plaintiffs have waived each and every alleged claim against Plaza as set forth in the Complaint. Plaintiffs have engaged in conduct and activities sufficient to constitute a waiver of any purported rights or entitlements as set forth in the Complaint.

## EIGHTH AFFIRMATIVE DEFENSE

(Performance Excused)

As and for an eighth affirmative defense to the Complaint on file herein and each cause of action therein, Plaza alleges that any failure on its part to perform the obligations described in the Complaint is excused by Plaintiffs' own breach of contract.

## NINTH AFFIRMATIVE DEFENSE

(Unclean Hands)

As and for a ninth affirmative defense to the Complaint on file herein and each cause of action therein, Plaza alleges that by virtue of Plaintiffs' unlawful, immoral, careless, negligent and other wrongful conduct, Plaintiffs should be barred from recovering against these answering Defendants under the equitable doctrines of "Unclean Hands" and of *in pari delicto*.

## TENTH AFFIRMATIVE DEFENSE

(Statute of Limitations)

As and for a tenth affirmative defense to the Complaint on file herein and each cause of action therein, as well as any claims for damages or monetary relief, Plaza

115723/000016/1129293.01

Case: 09-05199    Doc# 26    Filed: 12/11/09    Entered: 12/11/09 09:57:59    Page 6 of 11

alleges that Plaintiffs' action and claims for damages are time barred under all applicable statutes of limitations, including without limitation, 15 U.S.C. §1640(e).

## ELEVENTH AFFIRMATIVE DEFENSE

(Lack of Standing)

As and for an eleventh affirmative defense to the Complaint on file herein and each cause of action therein, Plaza alleges that Plaintiffs aer prevented from recovering damages or other relief by reason of Plaintiffs' lack of standing to assert the claim's in Plaintiffs' complaint.

## TWELFTH AFFIRMATIVE DEFENSE

(Lack of Capacity)

As and for a twelfth affirmative defense to the Complaint on file herein and each cause of action therein, Plaza alleges that Plaintiffs are prevented from recovering damages or other relief by reason of Plaintiffs' lack of capacity to maintain an action or proceeding in the United States District Court, Northern District of California, and/or any legal forum.

## THIRTEENTH AFFIRMATIVE DEFENSE

(Set Off)

As and for a thirteenth affirmative defense to the Complaint on file herein and each cause of action therein, Plaza alleges that Plaintiffs alleged damages are barred, or any recovery should be reduced, by any and all lawful set offs available to Plaza.

## FOURTEENTH AFFIRMATIVE DEFENSE

(Acts of Third Parties)

As and for a fourteenth affirmative defense to the Complaint on file herein and each cause of action therein, Plaza alleges that it is not legally responsible for the acts and/or omissions of third parties.

115723/000016/1129293.01
Case: 09-05199    Doc# 26    Filed: 12/11/09    Entered: 12/11/09 09:57:59    Page 7 of 11

## FIFTEENTH AFFIRMATIVE DEFENSE

(Preemption)

As and for a fifteenth affirmative defense to the Complaint on file herein and each cause of action therein, Plaza alleges that Plaintiffs' claims are barred by all forms of immunity and/or preemption, including without limitation, ordinary, complete and/or partial preemption, express or implied.

## SIXTEENTH AFFIRMATIVE DEFENSE

(No Late Fee Imposed)

As and for a sixteenth affirmative defense to the Complaint on file herein and each cause of action therein, Plaza alleges that Plaza did not impose a late fee on Plaintiffs with respect to any payment related to the loan at any time.

## SEVENTEENTH AFFIRMATIVE DEFENSE

(No Right to Rescind/Condition Precedent)

As and for a seventeenth affirmative defense to the Complaint on file herein and each cause of action therein, Plaza alleges that Plaintiffs' efforts to rescind the loan are untimely, that Plaza properly and timely gave to Plaintiffs notice of his right to rescind at the time of the loan transaction and that time has long lapsed, as well as the non performance of additional conditions precedent to any contractual or statutory duty, which include without limitation the duty to tender.

## EIGHTEENTH AFFIRMATIVE DEFENSE

(Unintentional Violation/Bona Fide Errors/Tolerances)

As and for an eighteenth affirmative defense to the Complaint on file herein and each cause of action therein, Plaza alleges that if it violated the Truth in Lending Act, which Plaza denies, any such alleged violations were within the allotted tolerances, not intentional and/or resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adopted to avoid any such error, and/or that such error was de minimus and did not materially misinform Plaintiffs. Therefore, pursuant to 15 U.S.C. Section 1640(c), Plaza may not be held liable for violation of the Truth in Lending Act.

## NINETEENTH AFFIRMATIVE DEFENSE

(Single Recovery)

As and for a nineteenth affirmative defense to the Complaint on file herein and each cause of action therein, Plaza alleges that Plaintiffs' claims are duplicative and excessive in that Plaintiffs improperly seeks multiple recovery of damages for the same alleged violations of the Truth in Lending Act, in contravention of the requirements of 15 U.S.C. section 1640(g).

## TWENTIETH AFFIRMATIVE DEFENSE

(Good Faith Compliance)

As and for a twentieth affirmative defense to the Complaint on file herein and each cause of action therein, Plaza alleges that Plaintiffs' claims are barred by the fact of Plaza's good faith compliance with the rules, regulations, and/or Board interpretation of the alleged Truth in Lending Act Provisions that Plaintiffs claim Plaza violated, pursuant to 15 U.S.C. section 1640(f).

## TWENTY-FIRST AFFIRMATIVE DEFENSE

(Lack of Consideration)

As and for the twenty-first defense to the Complaint on file herein and each cause of action therein, Plaza alleges that Plaintiffs' complaint is barred due to failure and/or lack of consideration.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

(Statute of Frauds)

As and for the twenty-second defense to the Complaint on file herein and each cause of action therein, Plaza alleges Plaintiffs' claims or parts thereof are barred by the statute of frauds.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

(Contribution-Indemnity)

As and for the twenty-third defense to the Complaint on file herein and each cause of action therein, Plaza is informed and believes, and thereon alleges, that the alleged

dispute giving rise to this action, if any, was caused by the acts and/or omissions of other defendants and/or third parties, from whom defendant shall seek contribution, indemnity or any setoffs available.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

(Additional Affirmative Defenses)

As and for a twenty-fourth affirmative defense to the Complaint on file herein, and each cause of action therein, Plaza is informed and believes, and thereon alleges, that Plaza presently has insufficient knowledge or information upon which to form a knowledge as to whether they may have additional, as yet unstated, affirmative defenses available. Accordingly, Plaza reserves the right to assert additional affirmative defenses in the event discovery indicates that they would be appropriate.

### JURY DEMAND

Plaza demands trial by jury as to all issues so triable.

### PRAYER

Defendant Plaza denies that any relief is appropriate or allowed by law.

DATED: December 11, 2009

PROCOPIO, CORY, HARGREAVES & SAVITCH LLP

By: /s/ _____
Gerald P. Kennedy, Esq.
John D. Alessio, Esq.
Attorneys for Defendant Plaza Home Mortgage, Inc.
Email: gpk@procopio.com
jda@procopio.com

# PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is PROCOPIO, CORY, HARGREAVES & SAVITCH LLP, 530 "B" Street, Suite 2100, San Diego, California 92101. On December 11, 2009, I served the within documents:

Adversary Case No.:

## PLAZA HOME MORTGAGE, INC.'S ANSWER to COMPLAINT

X **BY U.S. MAIL** [by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Diego, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on the same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing an affidavit.

Cathleen Cooper Moran, Esq.
Moran Law Group, Inc.
1674 N. Shoreline Blvd., Ste. 140
Mountain View, CA 94043-1375

Ronald D. Roup, Esq.
Law Offices of Roup & Associates
23101 Lake center Dr., Ste. 310
Lake Forest, CA 92653

☐ **BY OVERNIGHT DELIVERY** by placing the document(s) listed above in a sealed overnight envelope and depositing it for overnight delivery at San Diego, California, addressed as set forth below. I am readily familiar with the practice of this firm for collection and processing of correspondence for processing by overnight mail. Pursuant to this practice, correspondence would be deposited in the overnight box located at 530 "B" Street, San Diego, California 92101 in the ordinary course of business on the date of this declaration.

☐ *(State)* I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

X *(Federal)* I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on December 11, 2009, at San Diego, California.

_____
Susan P. Strong

1212
Adversary Case No.:

PLAZA HOME MORTGAGE, INC.'S ANSWER to COMPLAINT
Case: 09-05199   Doc# 26   Filed: 12/11/09   Entered: 12/11/09 09:57:59   Page 11 of 11