Ronald D. Roup, Esq. (SBN 94495) ron@rouplaw.com
Brad M. Simon, Esq. (SBN 244369) brad@rouplaw.com
Kerre Baker Alberoli (SBN 159683) kerre@rouplaw.com
**ROUP & ASSOCIATES, A LAW CORPORATION**
23101 Lake Center Drive, Suite 310
Lake Forest, California 92630
(949) 472-2377; (949) 472-2317

Attorneys for Defendant,
Litton Loan Servicing, LP

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA, DIVISION 5

| | |
|---|---|
| In re:<br><br>MICHAEL R. COQUILLA and CHRISTINA M. COQUILLA,<br><br>Debtors.<br><br>―――――――――――――<br><br>MICHAEL R. COQUILLA and CHRISTINA M. COQUILLA,<br><br>Plaintiffs,<br><br>vs.<br><br>PLAZA HOME MORTGAGE, INC. and LITTON LOAN SERVICING, LLP,<br><br>Defendant(s). | **Case No. 09-50561**<br><br>**Adv. No. 09-05199**<br><br>**Chapter 13**<br><br>**ANSWER OF DEFENDANT LITTON LOAN SERVICING, LP TO PLAINTIFFS' ADVERSARY COMPLAINT**<br><br><br><br>*Adv. Complaint Filed: August 4, 2009* |

/ / /

1

**ANSWER OF DEFENDANT LITTON LOAN SERVICING, LP TO PLAINTIFFS' ADVERSARY COMPLAINT**

# ANSWER

Defendant Litton Loan Servicing, LP, *erroneously sued as Litton Loan Servicing, LLP* ("Litton" or "Answering Defendant"), in answering the Amended Adversary Complaint (hereinafter "Complaint") of Plaintiffs, Michael R. Coquilla and Christina M. Coquilla (hereinafter collectively "Plaintiffs"), hereby admits, denies and alleges as follows:

1. The allegations in paragraph 1 of the Complaint do not appear to be directed against Answering Defendant, and constitute legal conclusions and/or rhetoric for which no response is necessary. Insofar as such allegations are construed to pertain to alleged wrongdoing by Answering Defendant or are otherwise directed at Answering Defendant, Answering Defendant denies those allegations. Answering Defendant lacks adequate information to admit or deny the allegations of paragraph 1 of the Complaint insofar as they pertain to purported misconduct by others, and on that basis denies them.

2. The allegations in paragraph 2 of the Complaint do not appear to be directed against Answering Defendant, and constitute legal conclusions and/or rhetoric for which no response is necessary. Insofar as such allegations are construed to pertain to alleged wrongdoing by Answering Defendant or are otherwise directed at Answering Defendant, Answering Defendant denies those allegations. Answering Defendant lacks adequate information to admit or deny the allegations of paragraph 2 of the Complaint insofar as they pertain to purported misconduct by others, and on that basis denies them.

3. The allegations in paragraph 3 of the Complaint do not appear to be directed against Answering Defendant, and constitute legal conclusions and/or rhetoric for which no response is necessary. Insofar as such allegations are construed to pertain to alleged wrongdoing by Answering Defendant or are otherwise directed at Answering Defendant, Answering Defendant denies those allegations. Answering Defendant lacks adequate information to admit or deny the allegations of paragraph 3 of the Complaint insofar as they pertain to purported misconduct by others, and on that basis denies them.

4. The allegations in paragraph 4 of the Complaint do not appear to be directed against Answering Defendant, and constitute legal conclusions and/or rhetoric for which no response is necessary. Insofar as such allegations are construed to pertain to alleged wrongdoing by Answering Defendant or are otherwise directed at Answering Defendant, Answering Defendant denies those allegations. Answering Defendant lacks adequate information to admit or deny the allegations of paragraph 4 of the Complaint insofar as they pertain to purported misconduct by others, and on that basis denies them.

5. The allegations in paragraph 5 of the Complaint do not appear to be directed against Answering Defendant, and constitute legal conclusions and/or rhetoric for which no response is necessary. Insofar as such allegations are construed to pertain to alleged wrongdoing by Answering Defendant or are otherwise directed at Answering Defendant, Answering Defendant denies those allegations. Answering Defendant lacks adequate information to admit or deny the allegations of paragraph 5 of the Complaint insofar as they pertain to purported misconduct by others, and on that basis denies them.

6. The allegations in paragraph 6 of the Complaint do not appear to be directed against Answering Defendant, and constitute legal conclusions and/or rhetoric for which no response is necessary. Insofar as such allegations are construed to pertain to alleged wrongdoing by Answering Defendant or are otherwise directed at Answering Defendant, Answering Defendant denies those allegations. Answering Defendant lacks adequate information to admit or deny the allegations of paragraph 6 of the Complaint insofar as they pertain to purported misconduct by others, and on that basis denies them.

7. The allegations in paragraph 7 of the Complaint do not appear to be directed against Answering Defendant, and constitute legal conclusions and/or rhetoric for which no response is necessary. Insofar as such allegations are construed to pertain to alleged wrongdoing by Answering Defendant or are otherwise directed at Answering Defendant, Answering Defendant denies those allegations. Answering Defendant lacks adequate information to admit or deny the allegations of paragraph 7 of the Complaint insofar as they pertain to purported misconduct by others, and on that basis

denies them.

8. The allegations in paragraph 8 of the Complaint do not appear to be directed against Answering Defendant, and constitute legal conclusions and/or rhetoric for which no response is necessary. Insofar as such allegations are construed to pertain to alleged wrongdoing by Answering Defendant or are otherwise directed at Answering Defendant, Answering Defendant denies those allegations. Answering Defendant lacks adequate information to admit or deny the allegations of paragraph 8 of the Complaint insofar as they pertain to purported misconduct by others, and on that basis denies them.

9. The allegations in paragraph 9 of the Complaint do not appear to be directed against Answering Defendant, and constitute legal conclusions and/or rhetoric for which no response is necessary. Insofar as such allegations are construed to pertain to alleged wrongdoing by Answering Defendant or are otherwise directed at Answering Defendant, Answering Defendant denies those allegations. Answering Defendant lacks adequate information to admit or deny the allegations of paragraph 9 of the Complaint insofar as they pertain to purported misconduct by others, and on that basis denies them.

## IV. FACTUAL ALLEGATIONS

10. The allegations in paragraph 10 of the Complaint do not appear to be directed against Answering Defendant, and constitute legal conclusions and/or rhetoric for which no response is necessary. Insofar as such allegations are construed to pertain to alleged wrongdoing by Answering Defendant or are otherwise directed at Answering Defendant, Answering Defendant denies those allegations. Answering Defendant lacks adequate information to admit or deny the allegations of paragraph 10 of the Complaint insofar as they pertain to purported misconduct by others, and on that basis denies them.

11. The allegations in paragraph 11 of the Complaint do not appear to be directed against Answering Defendant, and constitute legal conclusions and/or rhetoric for which no response is necessary. Insofar as such allegations are construed to pertain to alleged wrongdoing by Answering Defendant or are otherwise directed at Answering Defendant, Answering Defendant denies those

allegations. Answering Defendant lacks adequate information to admit or deny the allegations of paragraph 11 of the Complaint insofar as they pertain to purported misconduct by others, and on that basis denies them.

12. The allegations in paragraph 12 of the Complaint do not appear to be directed against Answering Defendant, and constitute legal conclusions and/or rhetoric for which no response is necessary. Insofar as such allegations are construed to pertain to alleged wrongdoing by Answering Defendant or are otherwise directed at Answering Defendant, Answering Defendant denies those allegations. Answering Defendant lacks adequate information to admit or deny the allegations of paragraph 12 of the Complaint insofar as they pertain to purported misconduct by others, and on that basis denies them.

13. The allegations in paragraph 13 of the Complaint do not appear to be directed against Answering Defendant, and constitute legal conclusions and/or rhetoric for which no response is necessary. Insofar as such allegations are construed to pertain to alleged wrongdoing by Answering Defendant or are otherwise directed at Answering Defendant, Answering Defendant denies those allegations. Answering Defendant lacks adequate information to admit or deny the allegations of paragraph 13 of the Complaint insofar as they pertain to purported misconduct by others, and on that basis denies them.

14. The allegations in paragraph 14 of the Complaint do not appear to be directed against Answering Defendant, and constitute legal conclusions and/or rhetoric for which no response is necessary. Insofar as such allegations are construed to pertain to alleged wrongdoing by Answering Defendant or are otherwise directed at Answering Defendant, Answering Defendant denies those allegations. Answering Defendant lacks adequate information to admit or deny the allegations of paragraph 14 of the Complaint insofar as they pertain to purported misconduct by others, and on that basis denies them.

15. In response to paragraph 15 of Plaintiffs' Complaint, Answering Defendant admits that a proof of claim was filed on Defendant's behalf in Plaintiff's bankruptcy case on or about March 4, 2009.

16. The allegations in paragraph 16 of the Complaint do not appear to be directed against Answering Defendant, and constitute legal conclusions and/or rhetoric for which no response is necessary. Insofar as such allegations are construed to pertain to alleged wrongdoing by Answering Defendant or are otherwise directed at Answering Defendant, Answering Defendant denies those allegations. Answering Defendant lacks adequate information to admit or deny the allegations of paragraph 16 of the Complaint insofar as they pertain to purported misconduct by others, and on that basis denies them.

17. The allegations in paragraph 17 of the Complaint do not appear to be directed against Answering Defendant, and constitute legal conclusions and/or rhetoric for which no response is necessary. Insofar as such allegations are construed to pertain to alleged wrongdoing by Answering Defendant or are otherwise directed at Answering Defendant, Answering Defendant denies those allegations. Answering Defendant lacks adequate information to admit or deny the allegations of paragraph 17 of the Complaint insofar as they pertain to purported misconduct by others, and on that basis denies them.

18. In response to paragraph 18 of Plaintiffs' Complaint, Answering Defendant specifically denies that it violated 15 U.S.C. section 1635(a) and Regulation Z section 226.323(b) by failing to deliver to the Plaintiffs two copies each of a notice of the right to cancel. Answering Defendant is the loan servicer. Answering Defendant lacks adequate information to admit or deny the remaining allegations of paragraph 18 of the Complaint, and on that basis, denies them.

19. The allegations in paragraph 19 of the Complaint do not appear to be directed against Answering Defendant, and constitute legal conclusions and/or rhetoric for which no response is necessary. Insofar as such allegations are construed to pertain to alleged wrongdoing by Answering Defendant or are otherwise directed at Answering Defendant, Answering Defendant denies those allegations. Answering Defendant lacks adequate information to admit or deny the allegations of paragraph 19 of the Complaint insofar as they pertain to purported misconduct by others, and on that basis denies them.

20. In response to paragraph 20 of Plaintiffs' Complaint, Answering Defendant specifically

denies that Plaintiffs rescinded the transaction on May 19, 2009. Answering Defendant further denies notice of rescission is effective upon mailing. Answering Defendant lacks adequate information to admit or deny the remaining allegations of paragraph 20 of the Complaint, and on that basis, denies them.

21. The allegations in paragraph 21 of the Complaint do not appear to be directed against Answering Defendant, and constitute legal conclusions and/or rhetoric for which no response is necessary. Insofar as such allegations are construed to pertain to alleged wrongdoing by Answering Defendant or are otherwise directed at Answering Defendant, Answering Defendant denies those allegations. Answering Defendant lacks adequate information to admit or deny the allegations of paragraph 21 of the Complaint insofar as they pertain to purported misconduct by others, and on that basis denies them.

22. The allegations in paragraph 22 of the Complaint do not appear to be directed against Answering Defendant, and constitute legal conclusions and/or rhetoric for which no response is necessary. Insofar as such allegations are construed to pertain to alleged wrongdoing by Answering Defendant or are otherwise directed at Answering Defendant, Answering Defendant denies those allegations. Answering Defendant lacks adequate information to admit or deny the allegations of paragraph 22 of the Complaint insofar as they pertain to purported misconduct by others, and on that basis denies them.

23. In response to paragraph 23 of Plaintiffs' Complaint, Answering Defendant specifically denies that it is required to take any necessary or appropriate action under 15 U.S.C. section 1635 (b) and Regulation Z section 226.23(d)(2) with regard to the Plaintiffs. Answering Defendant lacks adequate information to admit or deny the remaining allegations of paragraph 23 of the Complaint, and on that basis, denies them.

24. In response to paragraph 24 of Plaintiffs' Complaint, Answering Defendant specifically denies that it is required to return any property or money to Plaintiffs under 15 U.S.C. section 1635 (b) and Regulation Z section 226.23(d)(2) with regard to the Plaintiffs. Answering Defendant lacks adequate information to admit or deny the remaining allegations of paragraph 24 of the Complaint, and on that basis, denies them.

25. The allegations in paragraph 25 of the Complaint do not appear to be directed against Answering Defendant, and constitute legal conclusions and/or rhetoric for which no response is necessary. Insofar as such allegations are construed to pertain to alleged wrongdoing by Answering Defendant or are otherwise directed at Answering Defendant, Answering Defendant denies those allegations. Answering Defendant lacks adequate information to admit or deny the allegations of paragraph 25 of the Complaint insofar as they pertain to purported misconduct by others, and on that basis denies them.

26. The allegations in paragraph 26 of the Complaint do not appear to be directed against Answering Defendant, and constitute legal conclusions and/or rhetoric for which no response is necessary. Insofar as such allegations are construed to pertain to alleged wrongdoing by Answering Defendant or are otherwise directed at Answering Defendant, Answering Defendant denies those allegations. Answering Defendant lacks adequate information to admit or deny the allegations of paragraph 26 of the Complaint insofar as they pertain to purported misconduct by others, and on that basis denies them.

27. In response to paragraph 27 of Plaintiffs' Complaint, Answering Defendant specifically denies that it is liable to Plaintiffs for any alleged violations of the Act and Regulation Z, pursuant to 15 U.S.C. sections 1635(a), 1630(a), or 1641(c).

28. The allegations in paragraph 28 of the Complaint do not appear to be directed against Answering Defendant, and constitute legal conclusions and/or rhetoric for which no response is necessary. Insofar as such allegations are construed to pertain to alleged wrongdoing by Answering Defendant or are otherwise directed at Answering Defendant, Answering Defendant denies those allegations. Answering Defendant lacks adequate information to admit or deny the allegations of paragraph 28 of the Complaint insofar as they pertain to purported misconduct by others, and on that basis denies them.

29. In response to paragraph 29 of Plaintiffs' Complaint, Answering Defendant specifically denies that Defendant's lien is void by reason of Debtors' election to rescind the transaction

30. In response to paragraph 30 of Plaintiffs' Complaint, Answering Defendant specifically

8

**ANSWER OF DEFENDANT LITTON LOAN SERVICING, LP TO PLAINTIFF'S ADVERSARY COMPLAINT**

Case: 09-05199    Doc# 27    Filed: 12/14/09    Entered: 12/14/09 16:23:01    Page 8 of 11

denies that the lien is void and any claim of Defendant based on this transaction is an unsecured claim subject to such offsets as the Debtor claims to be entitled under Truth in Lending. Answering Defendant lacks adequate information to admit or deny the remaining allegations of paragraph 30 of the Complaint, and on that basis, denies them.

31. The allegations in paragraph 31 of the Complaint do not appear to be directed against Answering Defendant, and constitute legal conclusions and/or rhetoric for which no response is necessary. Insofar as such allegations are construed to pertain to alleged wrongdoing by Answering Defendant or are otherwise directed at Answering Defendant, Answering Defendant denies those allegations. Answering Defendant lacks adequate information to admit or deny the allegations of paragraph 31 of the Complaint insofar as they pertain to purported misconduct by others, and on that basis denies them.

32. In response to paragraph 32 of Plaintiffs' Complaint, Answering Defendant specifically denies that Defendant Litton's proof of claim is not allowable in that the security interest on which it is based has been voided by rescission of the transaction. Answering Defendant lacks adequate information to admit or deny the remaining allegations of paragraph 32 of the Complaint, and on that basis, denies them.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

**(Failure to State a Cause of Action)**

33. Answering Defendant is informed and believes, and upon such information and belief alleges, that the Plaintiffs' Complaint, and each and every purported cause of action contained therein, fails to state facts sufficient to constitute a cause of action against Answering Defendant.

### FIFTH AFFIRMATIVE DEFENSE

**(Statute of Limitations)**

34. Answering Cross-Defendant is informed and believes, and upon such information and belief alleges, that Cross-Complainants' claims in the Cross-Complaint are barred by the applicable statute of limitations.

## SECOND AFFIRMATIVE DEFENSE

**(Negligence of Plaintiffs)**

35. Answering Defendant is informed and believes, and upon such information and belief alleges, that any damages suffered by Plaintiffs, as described in Plaintiffs' Complaint, was proximately caused by the Plaintiffs' own negligence and failure to exercise due care.

## THIRD AFFIRMATIVE DEFENSE

**(Estoppel and Waiver)**

36. Answering Defendant is informed and believes, and upon such information and belief alleges, that by their own acts, errors, omissions, negligence and/or breaches of obligations to Answering Defendant and/or to third parties, Plaintiffs have waived and released their rights to and are estopped or otherwise precluded from asserting the demands and allegations set forth in the Complaint.

## FOURTH AFFIRMATIVE DEFENSE

**(Unclean Hands)**

37. Answering Defendant is informed and believes, and upon such information and belief alleges that Plaintiffs are not entitled to the relief prayed for in the Complaint, or any equitable relief, because Plaintiffs knowingly and voluntarily executed and/or consented and/or authorized the events that gave rise to their loss of any interest in and to the property described in the Complaint on file herein.

## FIFTH AFFIRMATIVE DEFENSE

**(Failure to Join Necessary and Proper Parties)**

38. Answering Defendant is informed and believes, and upon such information and belief alleges, that Plaintiffs have failed to join necessary and/or indispensable parties.

## SIXTH AFFIRMATIVE DEFENSE

**(Ratification of Acts Taken)**

39. Answering Defendant is informed and believes and thereon alleges that by Plaintiffs' acts, they have ratified the acts of Answering Defendant and therefore Plaintiffs are not entitled to relief.

## SEVENTH AFFIRMATIVE DEFENSE

### (Indemnity and Contribution)

49. Answering Defendant is informed and believes and thereon alleges that it is indemnified by third parties against any and all loss or damages alleged by Plaintiffs.

## EIGHTH AFFIRMATIVE DEFENSE

### (Unascertained Defenses)

41. Answering Defendant may be entitled to certain defenses of which it is not yet aware. Answering Defendant reserves the right to plead at a later time those defenses that are not yet known.

**WHEREFORE**, Answering Defendant prays for judgment as follows:

1. That Plaintiffs takes nothing by virtue of their Adversary Complaint, or any purported cause of action contained therein;
2. For cost of suit incurred herein;
3. For attorneys' fees, where appropriate and allowable, according to proof; and
4. For all such other relief the Court deems just and proper.

Dated: December 11, 2009          ROUP & ASSOCIATES,
A LAW CORPORATION

By: /s/ Ronald D. Roup
Ronald D. Roup, Esq.
Attorneys for Defendant,
Litton Loan Servicing, LP